UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:19-CR-196 |
| Plaintiff, | |
| v. | Hon. PAUL L. MALONEY<br>U.S. District Judge |
| TYLER STEVEN SHELLENBERGER | |
| Defendant. | |
|_____/ | |

## PLEA AGREEMENT

This constitutes the plea agreement between Tyler Steven Shellenberger and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty</u>. The defendant agrees to plead guilty to Counts 1 and 3 of the Superseding Indictment. Count 1 charges the defendant with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Hydrocodone in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(B)(viii). Count 3 charges the defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

2. <u>Defendant Understands the Crimes</u>. In order for the defendant to be guilty of violating Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(B)(viii), the following must be true: 1) two or more people conspired, or agreed, to distribute

and possess with intent to distribute five grams or more of methamphetamine and other controlled substances, and 2) the defendant knowingly and voluntarily joined the conspiracy.

In order for the defendant to be guilty of violating Title 18, United States Code, Section 924(c)(1)(A)(i), the following must be true: 1) the defendant committed the crime charged in Count 1 of the Superseding Indictment; 2) the defendant knowingly possessed the Colt .45 pistol described in Count 3, and 3) the defendant possessed this firearm in furtherance of the crime charged in Count 1. The defendant is pleading guilty because he is guilty of the charges described above.

    3.    <u>The Defendant Understands the Penalties.</u>    The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(B)(viii) is the following: not less than 5 and up to 40 years' imprisonment; supervised release of not less than four years and up to life; a fine of $5,000,000, and a mandatory special assessment of $100. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 924(c)(1)(A)(i) is the following: not less than 5 years' and up to life imprisonment; supervised release of more than five years; a fine of $250,000, and a mandatory special assessment of $100.

The defendant agrees to pay the special assessment at or before the time of sentencing unless he affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Mandatory Minimum Drug Sentence for Count 1.</u>   Absent a determination by the Court that this case satisfies the criteria set forth in Title 18, United States Code, Section 3553(f), and Sentencing Guidelines § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841 and 846, is five years' imprisonment.

5. <u>Sentencing Enhancement under 18 U.S.C. § 924(c).</u>   The statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 924(c), is a five-year term of imprisonment, which must run consecutively to any other sentence of imprisonment.

6. <u>Supervised Release Defined.</u>   Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements.   The defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. <u>Factual Basis of Guilt.</u>   The parties agree that the following facts establish the defendant's guilt to Counts 1 and 3 of the Superseding Indictment, and

3

may be accepted as true: Between March and July, 2019, the defendant agreed with Erin Matula, Raymond James Fisher and others to possess and distribute over five grams of methamphetamine in Calhoun County and elsewhere, and successfully did so. During this time, the defendant knowingly possessed a Colt .45 caliber semiautomatic handgun, serial #21166G70 in order to further this illegal activity.

8. <u>Cooperation in Criminal Investigations.</u> The defendant agrees to fully cooperate with Bureau of Alcohol, Tobacco, Firearms and Explosives, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in the Superseding Indictment, as well as the investigation of crimes over which they have actual or apparent jurisdiction. The defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the defendant's possession or under the defendant's control, including, but not limited to, objects, documents, and photographs. The defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the defendant should reasonably know will assist in the investigation of other criminal

activity. The defendant will not commit any criminal offense during the course of his cooperation with the United States. The defendant will submit to polygraph examination(s) upon request. The defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

9. <u>The United States Attorney's Office Agrees</u>.

a. <u>Dismissal of Other Charges.</u> The U.S. Attorney's Office agrees to move to dismiss the remaining charge in the Superseding Indictment against the defendant at the time of sentencing. The defendant agrees, however, that in determining the sentence the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement the defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

b. <u>Acceptance of Responsibility.</u> The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to defendant's request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria

set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government states that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

        c.    <u>Possibility of Sentence Reduction Motions.</u>    The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guideline § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant fully understands that such a motion may be made pursuant to law if, and only if, the defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether the defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office. The defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, the defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court, not the government,

6

would decide how much of a departure or sentence reduction the defendant receives based upon the nature and extent of the defendant's assistance. The defendant understands that any departure or sentence reduction will be limited by the statutory mandatory minimum unless the Government files a written motion to release the mandatory minimum. The defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

10. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the defendant. The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that the defendant and the defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. The

defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

11. <u>There is No Agreement About the Final Sentencing Guidelines Range.</u> The defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

12. <u>Waiver of Constitutional Rights.</u> By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty pleas, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the defendant guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against the defendant.

    d.    The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.    The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against the defendant.

    f.    By pleading guilty, the defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed

13.    <u>The Court is not a Party to this Agreement</u>.    The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The defendant understands that no one – not the prosecutor, the defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory maximum.

14.    <u>This Agreement is Limited to the Parties</u>.    This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any

other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

15. <u>Consequences of Breach</u>. If the defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

16. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any

additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
United States Attorney

12/4/19
Date

TIMOTHY P. VERHEY
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

12/3/2019
Date

TYLER STEVEN SHELLENBERGER
Defendant

I am Tyler Steven Shellenberger's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

12/3/2019
Date

THOMAS PARKER DOUGLAS
Attorney for Defendant